Valentine, J.
The only rulings of the district court of which the plaintiff in error (defendant below) now complains are the admission of certain evidence at the trial, and the overruling of its motion for a new trial. We think, however, that no substantial right of the plaintiff in error was prejudicially affected by these rulings. The action was for injuries done to real estate by overflowing the same. Walker, defendant in error, was never in actual and personal possession of the property. But he was in possession of the same by his tenants, to whom he had leased the same. He had rented the property to, these tenants, and they were in the actual possession thereof; and he claimed ownership to the property as against all the world.
On the other hand, the plaintiff in error claimed no interest in the property whatever. Now, admitting, for the sake of the argument, that the documentary evidence of Walker introduced for the purpose of showing title in himself was not sufficient for that purpose, still, upon the foregoing facts, Walker should have recovered for the injuries actually done to his land. Admitting, for the sake of the argument, that the court below erred in admitting said evidence, and still no substantial right of the plaintiff in error was prejudiced thereby. Possession by a tenant was probably never sufficient to enable *the landlord to maintain the old action of trespass guare clausum fr'egit, for such action was purely a possessory action; but such a possession is unquestionably sufficient to prove presumptively that the landlord is the owner of the property. Or, rather, such a possession, with a claim of ownership as against all the world, is prima facie and presumptively evidence of ownership. Such possession and such claim of ownership is prima facie evidence of ownership as against any person setting up an adverse claim, and is conclusive evidence of ownership as against a mere wrong-doer. A mere wrong-doer has no right to dispute the title of a person so in possession, and so claiming ownership. The possession of the tenant in such a ease is the possession of the landlord; and the possession of the landlord, with the claim of ownership, is prima facie evidence that the landlord is the owner; and no mere wrong-doer has any right to set up a title of some third person for the purpose of defeating an action brought by the landlord against tile wrong-doer for injuries, done to the land by such wrong-doer. Under our system of practice *462 there is no real action that requires that the plaintiff should have an absolute and unimpeachable title in fee-simple in order that he may recover. Even in the action we call ejectment, the person holding the paramount title may recover, and for the purposes of the action such person is deemed to be the owner of the land in controversy, however defective his title to the same maybe. As to what is prima facie proof of ownership, see Gilmore v. Norton, 10 Kan. *491, *505-*507, and cases there cited. As to a wrong-doer disputing the title of a person who is prima facie the owner, see Nelson v. Mather, 5 Kan. *151, *153, *154. As to who may recover in an action of ejectment, see Benz v. Hines, 3 Kan. *390.
The present action is not in its nature an action of trespass quare clausum fregit. Probably the injuries were not inflicted in such a way as to authorize an action of that kind to be maintained in favor of either the plaintiff or his tenant; but probably each had his action in the nature of an action on the case for the particular injury suffered by himself. The *present action is in the nature of an action on the case for the injury done to the land itself. It is not for any injury to any person’s possession. That an action of this kind may be maintained by a person owning the land, but not in the actual possession thereof, — a reversioner, for instance, —we would refer to the- following text-books, and to the authorities therein cited, to-wit: 1 Hil. Real Prop. 564, 565; 2 Washb. Real Prop. (3d Ed.) 392, 393, note 10; 4 Kent, Comm. (9th Ed.) 355. See, also, Fitzpatrick v. Gebhart, 7 Kan. *35, *42, *43. The question is discussed at some length in this last-mentioned case. With these views we think it really made no difference whether said documentary evidence proved that the plaintiff had a good title to said land or not. Indeed, after the plaintiff showed that he was in possession of the land by his tenant, and claimed ownership thereto, we do not think that the defendant, a mere wrong-doer, had any right to dispute the plaintiff’s title .by showing a paramount title in some third person.
The judgment of the court below is affirmed.
(All the justices concurring.)